UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALROY RICHARDS,<br><br>        Plaintiff,<br><br>-against-<br><br>NEW YORK CITY HEALTH & HOSPITALS CORPORATION, et al.,<br><br>        Defendants. | 21-CV-8632 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who is appearing *pro se*, brings this action under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e to 2000e-17, the Fifth and Fourteenth Amendments to the Constitution, and state law. He alleges that his former employer discriminated and retaliated against him based on his race, color, and national origin. Plaintiff sues the New York City Health & Hospitals Corporation (H+H), his former employer; Scott Stringer, the Comptroller of the City of New York; Dr. Mitchell Katz, the President of H+H; and the New York State Division of Human Rights. For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

  A Title VII claim must be asserted in:

> any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such [a claim] may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).

Claims brought under the Constitution and state law are governed by the general venue provision, 28 U.S.C. § 1391(b), which provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other entity with the capacity to sue and be sued, if a defendant, resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C.§ 1391(c)(1), (2).

Plaintiff, a resident of Nassau County, New York, was employed by Defendant H+H at the Coney Island Hospital in Brooklyn, New York, where he was allegedly subjected to discrimination and retaliation. Brooklyn is in Kings County, which is in the Eastern District of New York. *See* 28 U.S.C. § 112(c). Because claims under Title VII can be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, all federal district courts within the State of New York – including the Eastern District of New York and this court – are proper venues for Plaintiff's claims under Title VII. *See* § 2000e-5(f)(3).

Further, venue may also be appropriate in the Eastern District of New York and this court for Plaintiff's constitutional and state law claims. He sues Defendants who appear to be located in both the judicial districts of the Eastern District of New York and this court, making both courts a proper venue for his claims under Section 1391(b)(1). But Plaintiff also alleges that a

2

substantial part of the events or omissions giving rise to his claims occurred in Brooklyn, making the Eastern District of New York the proper venue for his claims under Section 1391(b)(2).

Even though venue is proper here for Plaintiff's claims, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established."); *see also Lead Indus. Ass'n. Inc. v. OSHA*, 610 F.2d 70, 79 n.17 (2d Cir. 1979) (noting that the "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see*

*also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer of this action to the Eastern District of New York appears to be appropriate because: (1) a substantial part of the underlying events occurred in Brooklyn; (2) the parties are also located there; and (3) it is likely that relevant documents and witnesses are also in that judicial district. Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 1404(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Plaintiff has consented to electronic service of court documents. (ECF 3.)

SO ORDERED.

Dated: October 22, 2021
        New York, New York

                                                /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                        Chief United States District Judge